RODOLFO F. APONTE, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, JOSÉ M. CALDERÓN, JUDGE, Respondent; LUIS C. CUYAR, Intervener.

No. 3. Argued April 2, 1948.—Decided May 25, 1948.

*Manuel Ledesma Dávila* for petitioner. *F. Fernández Cuyar* for intervener, plaintiff in the main action.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

At the request of the Rent Director of Puerto Rico and pursuant to § 7 of the Reasonable Rents Act (Act No. 464 of April 25, 1946), we issued this writ of certiorari to review the judgment rendered by the District Court of San Juan in case No. 5798, *Luis C. Cuyar v. Rent Office*, on writ of review. The facts briefly outlined, are as follows:

Luis C. Cuyar, since 1946, has been the owner of a building in Fernández Juncos Avenue, Santurce, which consisted of two stories each having two apartments used for rental dwellings. Subsequent to January 1, 1946 Mr. Cuyar, after having obtained the proper official permission, modified said building and prepared the first story for two commercial establishments and added a third story with two apartments for dwelling. This construction was terminated within the following year. In order to convert the first story into two commercial premises it was necessary to demolish the interior walls, to erect twelve columns to support some steel beams, to change the front of the house by eliminating the doors and constructing wider ones, besides two show windows. In fact, the lateral walls and the floor were the only part used of the old building. Before terminating the construction the tenants-to-be suggested to Mr. Cuyar certain changes which were accepted in order to fit the premises for the kind of business for which it was to be used. When the construction was terminated Mr. Cuyar leased both premises for business purposes on a written contract to Mr. Ramón I. Gil at a monthly rental of $200 for a term of five years, with option to an additional period of five years and to Mr. Julius Warden for the same rental amount but for a period of three years with option to an extension of three additional years. This he informed to the Rent Office on June 5, 1947.

On July 22, 1947 the Rent Director notified Mr. Cuyar that as a result of a preliminary investigation which had been carried out he intended to decrease the maximum rent of each one of the two commercial establishments from $200 to

$127 monthly and granted him five days to file any opposition, together with "the documentary evidence in support of his objections." Mr. Cuyar answered in writing and objected to the reduction in the rent on the following grounds:

"(1) Because said commercial establishments were actually started to be constructed after January 1, 1946 and terminated within the following year and consequently neither the provisions of the Rent Regulations nor Act No. 464 of 1946 as amended (Section 24) were applicable thereto.

"(2) Because the decrease in the maximum rent which that of-.fice intends to make is not justified inasmuch as the monthly rental of $200 agreed upon, freely and spontaneously, by the tenant and the owner of the property is neither unreasonable, excessive or abusive.

"For the reasons stated Luis C. Cuyar, the opposing party, respectfully prays that an order be entered in this proceeding dismissing the same definitely without taking any further action."

On August 14, 1947 the Acting Rent Director notified Mr. Cuyar that "after due investigation and examination of the evidence available,[1] the Director is of the opinion that the facts in this case warrant a decrease in the maximum rent on the grounds stated in § 5c (1) of the Rent Regulations for Commercial Establishments"[2] and ordered the decrease in the rent of each establishment from $200 to $127 monthly.

Feeling aggrieved by this order Mr. Cuyar sought a writ of review under § 7 of the Reasonable Rents Act. After a hearing, the court annulled the order on two grounds: first, because pursuant to § 24 of the aforesaid Act the commercial premises belonging to Mr. Cuyar are exempt from the provisions of the Act as to the rental amount charged, and second because the Rent Director did not hold any hearing whereby

---

[1] It is an admitted fact that no hearing was held by the Director before issuing his order.

[2] Section 5 c(1) provides: "Grounds for decrease of rent. The Administrator at any time, on his own initiative or on application of the tenant, may order a decrease of the maximum rent on the following grounds only:

"(1) Maximum rents higher than other comparable rents. The maximum rent applicable under Section 4 is unreasonable, excessive or abusive."

Mr. Cuyar had an opportunity to be heard before ordering the decrease in the rent, notwithstanding the fact that it was stated in the order that it was based on an investigation and the evidence available. In order to review this judgment we issued, as we have said, the writ in the present case.

■■ Section 24 of the Reasonable Rents Act provides, insofar as pertinent, that:

"For the purpose of encouraging the construction program in Puerto Rico, every rental property for businesses and commercial and industrial purposes whose construction is actually started on or after January 1, 1946, and terminated within a period of one year counting from said date, is hereby exempt from the provisions of this Act as regards the amount of the rental to be charged during the emergency, unless the Administrator for justified reason, should extend said term for an additional period which shall in no case exceed one year."

The controversy herein centers on whether the two premises which Mr. Cuyar made in his building for commercial purposes constitute a rental property for business and commercial purposes *"whose construction is actually started"* on or after January 1, 1946 and terminated within a period of one year counted from said date.

Petitioner contends that as a question of fact Mr. Cuyar did not build or construct said establishments but that he merely reconditioned some dwelling apartments converting them into business premises and that, therefore, the exemption provided by § 24, *supra,* is not applicable to this case; that this exemption covers solely and exclusively new constructions, that is, properties or buildings which did not exist prior to January 1, 1946 and whose construction was actually started on or before said date and terminated within the following year. Notwithstanding this, petitioner himself admits in his brief that "it could happen that a rental property be considered as new and exempt from regulation although as a matter of fact it were not totally and absolutely a new construction from its foundation to its roof. Rental property could be so reconstructed and remodeled as to fall

within the properties exempt from regulation, pursuant to this act. Each case should be decided on its own merits.''

The facts proved in the present case support, in our opinion, the conclusion reached by the trial court. The intervener, Mr. Cuyar, did not confine himself, in the work carried out, to condition the two dwelling apartments for commercial purposes but rather he reconstructed his building and added a third story with two dwelling apartments and reconstructed the first story, eliminating the two former apartments and changing them into two establishments for business or commercial purposes. In point of fact, these two establishments constitute two new constructions even though the building in which they are situated was not newly constructed.

In defining the phrase ''rental property'', § 22 of the Act says that it ''includes. . . house and building used wholly *or partly* by businesses, professional offices, or commercial or industrial purposes.'' (Italics ours.) If the rental property for business or commercial purposes to which § 24, *supra,* refers may include the whole property or part thereof, it is obvious that the building to which this Section refers whose construction should actually be started on or after January 1, 1946 and terminated within the following year, may refer also to the whole property as well as to part thereof.

The evidence of the intervener showed that in the construction work carried out by him he only used the lateral walls in the first story, that the interior walls were demolished, the front was reconstructed and the whole main floor was reconditioned to be used for two business establishments or for any commercial purpose, following in part suggestions of the tenants themselves.

The intention of the legislature in enacting § 24, *supra,* was undoubtedly to encourage the construction program in Puerto Rico, as stated in said Section and, consequently, to increase the number of commercial premises existing in 1946. We believe, however, that a reasonable construction of this

Section does not exclude from its provisions those cases, like the present, where, as a matter of fact, the rental property has been increased for business or commercial purposes by reconstructing an old property, without eliminating the dwelling apartments which existed in that property and which were removed to the new third story.[3]

The lower court did not err in deciding that § 24, *supra,* is applicable to a case like the one at bar.

Judgment is affirmed.

Mr. Justice De Jesús did not participate herein.

---

[3] We take notice of the fact that on May 15, 1948 Act No. 201 was approved to take effect immediately. This Act, in amending § 6 of Act No. 464 of 1946 as amended by Act No. 37 of 1947 provides that ''No capital improvement, nor the reconstruction of the building, nor the conversion of a dwelling into commercial premises, nor the conversion of commercial premises into a dwelling, shall be considered a new building for the purposes of Section 24 of this Act.''

Accepting without deciding that under this amendment the Administrator might be authorized to fix the rent of the establishments involved herein, the present case would not be affected. The orders rendered by the Administrator on August 14, 1947 are void inasmuch as they are not authorized by any law in force at that time.